**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3951-21

SIOBHAN MCGOVERN,

    Plaintiff-Appellant,

v.

REBECCA A. BASICH,

    Defendant-Respondent,

and

GEICO INSURANCE COMPANY,[1]

    Defendant.

_____

Argued November 28, 2023 – Decided December 13, 2023

Before Judges Mayer, Enright and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5518-20.

---

[1] In the trial court, plaintiff stipulated to the dismissal of her claims against defendant GEICO Insurance Company.

John A. Conte, Jr., argued the cause for appellant (Meyerson, Fox, Mancinelli & Conte, PA, attorneys; John A. Conte, Jr., and Kyle D. Whittle, on the brief).

Andrew G. Toulas argued the cause for respondent (Harwood Lloyd, LLC, attorneys; Andrew G. Toulas, of counsel and on the brief; Paul Edward Kiel, on the brief).

PER CURIAM

Plaintiff Siobhan McGovern appeals from a July 22, 2022 order granting summary judgment to defendant Rebecca A. Basich after the motion judge found she failed to vault the verbal threshold to recover damages under N.J.S.A. 39:6A-8(a) of the Automobile Insurance Cost Recovery Reduction Act, N.J.S.A. 39:6A-1.1 to -35. We affirm.

We recite the facts from the summary judgment motion record. Plaintiff was involved in a car accident on October 25, 2018. Plaintiff had a green light when her car was struck by Basich's car. Plaintiff treated for neck, back, and left shoulder symptoms after the October 25 car accident. According to the treatment records, plaintiff had a cervical disc bulge, cervical facet syndrome, and subjective complaints of pain in her left shoulder. Plaintiff received acupuncture and an injection to reduce the inflammation and address her pain

complaints, attended physical therapy, and obtained a prescription for pain medication. Plaintiff also underwent an MRI.[2]

As a result of her injuries, plaintiff filed a complaint alleging she sustained permanent injuries entitling her to recover damages under N.J.S.A. 39:6A-8(a). After the close of discovery, defendant filed a motion for summary judgment. In opposing the motion, plaintiff asserted there were genuine issues of material fact precluding judgment as a matter of law. In addition, plaintiff belatedly submitted a certification of permanency from her primary care physician, Dr. Michael Sabia. In Dr. Sabia's certification, he stated plaintiff's injuries were permanent and would not improve with further treatment.

On July 14, 2022, the judge heard oral argument on defendant's motion. At the motion hearing, plaintiff's counsel requested permission to file April 2022 notes prepared by an advanced practice nurse (APN) in further support of Dr. Sabia's certification of permanency. Defendant did not oppose plaintiff's request, and the motion judge agreed to continue the motion on July 22, 2022.

After hearing counsel's arguments and reviewing plaintiff's supplemental submissions in support of her claim to have suffered a permanent injury as a

---

[2] None of the MRIs revealed any cord impingement in plaintiff's neck, back, or left shoulder.

A-3951-21

result of the October 2018 car accident, the judge granted summary judgment to defendant. The judge considered Dr. Sabia's certification, even though it was submitted after the close of discovery, and found the certification had no "substantive weight or bearing." In reviewing the APN's certification, the judge stated plaintiff's "constant and persistent [pain] [did] not rise to the level of a certification of permanency as anticipated by the statute." Absent any evidence of a permanent injury, the judge found plaintiff failed to vault the verbal threshold imposed by statute and granted summary judgment to defendant.

On appeal, plaintiff argues the judge erred in granting summary judgment because there were genuine issues of material disputed facts. Additionally, plaintiff asserts Dr. Sabia's certification of permanency established she suffered a permanent injury. We reject these arguments.

We review an order granting summary judgment "de novo and apply the same standard as the trial court." Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021). Summary judgment will be granted when "the competent evidential materials submitted by the parties," viewed in the light most favorable to the non-moving party, show there are no "genuine issues of material fact" and "the moving party is entitled to summary judgment as a matter of law." Grande v. St. Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat v. Bhagat, 217

4

N.J. 22, 38 (2014)); see also R. 4:46-2(c). We owe no special deference to the motion judge's legal analysis. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018).

In New Jersey, an individual seeking automobile liability insurance must select one of two tort options: the "[l]imitation on lawsuit option" or the "[n]o limitation on lawsuit option." N.J.S.A. 39:6A-8. A person covered by an insurance policy with the limitation-on-lawsuit option, also known as the verbal threshold, has "a limited right of recovery" for noneconomic damages sustained in an automobile collision. DiProspero v. Penn, 183 N.J. 477, 486 (2005). When an individual elects the limitation-on-lawsuit option, they may recover in tort for noneconomic damages only if the injuries "vault" the verbal threshold. Davidson v. Slater, 189 N.J. 166, 189 (2007).

To vault the verbal threshold, a plaintiff first must show that "as a result of bodily injury" arising out of a defendant's operation of their automobile, the plaintiff suffered "a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement." N.J.S.A. 39:6A-8(a). A "permanent injury" is one that "has not healed to function normally and will not heal to function normally with further medical treatment." Ibid.; see also Sackman v. N.J. Mfrs. Ins. Co., 445 N.J. Super. 278, 290 (App. Div. 2016)

(quoting N.J.S.A. 39:6A-8(a)). A plaintiff is required to prove the existence of a permanent injury based on "objective clinical evidence." Escobar-Barrera v. Kissin, 464 N.J. Super. 224, 234 (App. Div. 2020); DiProspero, 183 N.J. at 505-06. Additionally, a plaintiff must show their injuries were proximately caused by the defendant's negligence. Davidson, 189 N.J. at 185.

To recover damages under N.J.S.A. 39:6A-8, a plaintiff shall:

> within 60 days following the date of the answer to the complaint by the defendant, provide the defendant with a certification from the licensed treating physician or a board-certified licensed physician to whom the plaintiff was referred by the treating physician. . . . The certification shall be based on and refer to objective clinical evidence, which may include medical testing . . . . Such testing may not be experimental in nature or dependent entirely upon subjective patient response.

Here, viewing the record in a light most favorable to plaintiff, the judge correctly determined plaintiff's injuries failed to vault the verbal threshold. The judge found plaintiff's claims were nothing more than her own subjective complaints of pain without support by way of any objective credible medical evidence.

Despite being submitted well after the close of discovery, and after defendant moved for summary judgment, the judge considered Dr. Sabia's certification of permanency. Dr. Sabia's certification stated the following:

6

> I hereby certify that I have personally examined [plaintiff] and have reviewed the [m]edical [r]eports, MRI result[s], and [o]bjective [f]indings as to the [p]atient and based on objective clinical evidence opine that the injuries sustained by [plaintiff] are permanent in nature, have not healed to normal function and will not heal with further medical treatment.

While Dr. Sabia asserted plaintiff's injuries were permanent in nature, his certification failed to satisfy the requirements under N.J.S.A. 39:6A-8. Dr. Sabia never indicated which injuries were permanent in nature. Additionally, the doctor failed to cite to any specific medical tests, medical records, or medical procedures supporting his assertion that plaintiff suffered permanent injuries. Nor did he causally connect plaintiff's injuries to the October 2018 car accident.

None of plaintiff's medical records, including those from Dr. Sabia, opined that the October 2018 car accident resulted in plaintiff suffering a permanent injury within a reasonable degree of medical probability. Additionally, plaintiff failed to supply any narrative medical report establishing her injuries were causally connected to the October 2018 car accident. Plaintiff's subjective complaints of pain were insufficient to establish objective credible evidence of a permanent injury.

Under the verbal threshold statute, plaintiff was required to provide objective medical evidence that she suffered a permanent injury that would not

7

heal with further medical treatment. Plaintiff presented no evidence from any medical expert to satisfy the requirements of N.J.S.A. 39:6A-8(a) to be entitled to recover damages. Thus, we are satisfied the judge properly granted defendant's motion for summary judgment and dismissed plaintiff's complaint with prejudice.

To the extent we have not addressed any arguments raised by plaintiff, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3951-21